UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Argenis Aracena Dominguez,<br>　　　　Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc.,<br>　　　　Defendant. | §<br>§<br>§　CASE NO. 1:24-cv-00530<br>§<br>§<br>§<br>§<br>§ |

COMES NOW Plaintiff **ARGENIS ARACENA DOMINGUEZ** ("Plaintiff"), an individual, based on information and belief, to allege as follows:

## INTRODUCTION

1. This case arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681e(b), 1681i(a)(2)(A), 1681i(a)(4), and 1681i(a)(5)(A).

2. Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendant in connection with their inaccurate, misleading, or incomplete reporting of Plaintiff's credit file.

3. Defendant Experian Information Solutions, Inc. ("Experian") is not properly maintaining Plaintiff's credit file, nor did it properly investigate the issues after receipt of Plaintiff's dispute.

4. Experian is inaccurately reporting two incorrect social security numbers on Plaintiff's credit report which Plaintiff has tried unsuccessfully to remove.

5. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system and unfair credit reporting methods undermine the public confidence that is essential to the continued functioning of the banking system.

## JURISDICTION & VENUE

6. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1681.

8. This venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

9. Plaintiff alleges that, for purposes of establishing residency under 28 U.S.C. § 1391(b)(1), the named Defendant conducts sufficient business within the forum state and this Court has personal jurisdiction over Defendant under 28 U.S.C. §§ 1391(c)(2) and 1391(d).

**GENERAL ALLEGATIONS**

10. Plaintiff alleges that in or about June 2023 he noticed two incorrect social security numbers on his Experian report (the "Incorrect SSNs").

11. As these were not Plaintiff's social security numbers, he believes Experian has mixed his credit file with another consumer.

12. Attempting to correct the errors, Plaintiff disputed the Incorrect SSNs with Experian; however, Experian refused to remove the Incorrect SSNs.

13. Plaintiff alleges that it is patently incorrect and misleading for another consumer's social security number to remain on his report as it greatly increases the chances for unauthorized hard and soft inquiries (and resulting invasion of privacy and decreased credit score) each time that consumer applies for credit but the lender receives Plaintiff's credit report in response.

14. Plaintiff alleges that it is patently incorrect and misleading for multiple social security numbers to report as it directly decreases creditworthiness by making him appear riskier as a borrower (as it appears he has tried to open fraudulent accounts in the past with fake social security numbers).

15. Plaintiff alleges that the Defendant is familiar with the FCRA requirements and subscribes thereto.

16. Plaintiff alleges that the Defendant understands that deviation from the FCRA requirements can, and often does, result in the denial of credit, higher interest rates, and prompts a negative inference that would not be drawn if the data were reported in accordance with the recognized standards.

17. Plaintiff alleges that all of Defendant's actions alleged herein were committed knowingly, intentionally, and in reckless disregard of the unambiguous meaning of the FCRA, regulatory guidelines on accurate reporting, and credit reporting industry standards.

18. In the alternative, Plaintiff alleges that the Defendant's actions were the result of negligent policies, procedures, and an objectively unreasonable interpretation of the FCRA, all which inevitably led to inaccurate, misleading, or incomplete credit reporting.

## FACTUAL BACKGROUND

19. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

**A.     Personal Identifiable Information**

20. Personal identifiable information commonly is known to include name, date of birth, and social security number.

21. A social security number is the most unique identifier of this information. *See Thompson v. San Antonio Retail Merchants Ass'n*, 682 F. 2d 509 (5th Cir. 1982) (Court noting "[t]he social security number is the single most important identifying factor for credit-reference purposes.").

22. When a consumer applies for credit or other financing through an entity, the consumer supplies some form of personal identifiable information to the creditor and using that information the creditor conducts a "hard inquiry" by contacting one or more credit bureaus to review a consumer's credit score(s) and other available information in the credit report.

23. A mixed file is when some or all of the information pertaining to a particular consumer, such as a social security number, is placed in the credit file of another consumer. A mixed credit file can cause unauthorized inquiries and prevent a consumer from opening accounts. *See Robinson v. Equifax Information Services, LLC*, 560 F. 3d 235 (4th Cir. 2009) (detailing how a social security number placed in the wrong credit file caused the incorrect credit report to be pulled and prevented opening of accounts by the actual owner).

24. Unauthorized inquiries create an increased risk of privacy harm and identity theft. Congress specifically recognized the "elaborate mechanism developed for investigating and evaluating credit worthiness, credit standing, credit capacity, character, and general reputation of consumers" and the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *Nayab v. Capital One Bank (USA), NA*, 942 F. 3d 480, 492 (9th Cir. 2019).

**B.     Plaintiff's Credit Report Contains Inaccurate and Adverse Information, which Plaintiff Disputed to no Avail**

25.    On June 5, 2023, Plaintiff ordered an Experian credit report to ensure proper reporting (the "June 5 Credit Report").

26.    Plaintiff noticed two Incorrect SSNs in his June 5 Credit Report despite the fact these were not his social security number, nor had he ever used or seen the numbers.

27.    Plaintiff then disputed the Incorrect SSNs via certified mail to Experian on or about November 16, 2023 (the "Dispute Letter").

28.    Plaintiff's Dispute Letter specifically put Experian on notice that he noticed two social security numbers that were not his and were incorrect. Further, the Dispute Letter specifically requested removal of the Incorrect SSNs from his credit report and included a copy of his driver's license and social security card to prove his identity and real social security number.

29.    Plaintiff is informed and believes that Experian received Plaintiff's Dispute Letter and, in response, failed to investigate Plaintiff's dispute, and failed remove the Incorrect SSNs.

30.    On January 4, 2024, Plaintiff ordered another Experian credit report to determine if his report was updated.

   a.    **Inaccuracy – Incorrect SSNs**

31.    Despite requesting Experian remove the Incorrect SSNs, Experian continued to report the incorrect numbers on his credit report.

32.    Plaintiff alleges that Experian did not investigate whether Plaintiff specifically requested the Incorrect SSNs be removed.

33.    Experian did not update Plaintiff's credit file accurately.

34.    Experian failed to conduct a reasonable investigation of the information as required by the FCRA.

35.    Experian failed to maintain maximum possible accuracy and completeness standard of the FCRA.

36.    Experian failed to compare his social security card and number to the two listed on his report to verify that the Incorrect SSNs were patently incorrect and should be removed.

37.    The lack of investigation and reporting of inaccurate information by Experian is unreasonable.

**C.    Damages**

38.    Plaintiff pulled the credit reports at issue at a cost for access to the reports, after the dispute process, specifically for the sole purpose of verifying that the inaccuracy was fixed.

39.    As a result of the incorrect reporting, Plaintiff has incurred out-of-pocket expenses, and has also suffered emotional harm and excessive stress resulting in doubt as to the effectiveness of the Fair Credit Reporting Act and the power of this Court to preserve and perpetuate an accurate credit file as intended by Congress.

40.    Plaintiff's inability to obtain credit, resulting from Experian's inaccurate reporting, has caused him to abandon his intentions to apply for certain credit until the issue is resolved.

41.    Due to Experian's refusal to remove another consumer's information from his credit report, Plaintiff has suffered or will imminently suffer an invasion of his privacy and confidential information when one of those consumer's applies for credit or has an existing creditor attempt to pull their report. Experian's error in reporting has subjected Plaintiff to an increased risk of identity theft, fraud, and other privacy harm, resulting in consequential anxiety and emotional distress.

42.    Experian's actions, as alleged herein, are in direct violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681.

## FIRST CAUSE OF ACTION

### (Violation of Fair Credit Reporting Act 15 U.S.C. § 1681e(b))

### (Against Defendant)

43.    Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

**A.    Experian Failed to Assure Credit Reporting Accuracy**

44.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and the credit files it published and maintained concerning Plaintiff.

45.    Had Experian maintained reasonable procedures to assure maximum accuracy, it would have never placed the Incorrect SSNs in Plaintiff's credit file to being with.

46. Had Experian maintained reasonable procedures to assure maximum accuracy, it would have removed the Incorrect SSNs after receiving Plaintiff's Dispute Letter stating the social security numbers did not belong to him and proving his true social security number with a copy of his card.

47. Had Experian maintained reasonable procedures to assure maximum accuracy, it would have removed the Incorrect SSNs and investigated the mixed file to determine why another consumer's social security number is tied to Plaintiff's credit file.

48. Experian knew, or should have known, that reporting of multiple social security numbers, reporting of incorrect social security numbers, or reporting one consumer's social security number on another consumer's credit report does not reflect *maximum possible accuracy and completeness* as required by the FCRA.

49. Congress specifically recognized the "elaborate mechanism developed for investigating and evaluating credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." *Nayab v. Capital One Bank (USA), NA*, 942 F. 3d 480, 492 (9th Cir. 2019). The investigation and evaluation of Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation as a consumer are all damaged by the Incorrect SSN Experian refuses to remove.

50. As a result of Experian's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: damage to reputation, embarrassment, humiliation, dissemination of inaccurate information, diminished credit, and other mental and emotional distress.

**B.     Willful Violations**

51. Experian's violations, as described herein, were willful; specifically, Experian has intentionally and purposefully set up a system where inaccuracies are not only probable, but inevitable.

52. Experian regularly, as a policy, ignores disputes by consumers and fails to perform even a basic investigation regarding the disputes. Additionally, Experian regularly fails to forward disputes to data furnishers, thereby frustrating the entire dispute process.

53. To the extent Experian does send consumer disputes, it sends these disputes to employees who do not live within the continental United States to hide or subvert a consumer's liability to confront the individual(s) directly responsible for approving accurate reporting.

54. Experian's employees receive little to no training concerning how to accurately report consumer debt.

55. Instead, Experian's employees are instructed to parrot whatever information a data furnisher provides regardless of whether the information is accurate.

56. Experian's employees are regularly expected to review and approve over ninety (90) disputes per day, rendering less than five (5) minutes to review, investigate, and respond to each dispute received.

57. Experian has intentionally set up this system in order to undermine, hide, and otherwise frustrate consumers' ability to properly dispute and correct credit reports.

58. As a result of Experian's violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including, but not limited to: damage to reputation, embarrassment, humiliation, dissemination of inaccurate information, diminished credit, and other mental and emotional distress.

59. Experian's violations were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

60. In the alternative, Experian was negligent, which entitles Plaintiff to recover under 15 U.S.C. § 1681o.

61. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees from Experian in an amount to be determined by this Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## SECOND CAUSE OF ACTION
**(Violation of Fair Credit Reporting Act 15 U.S.C. §1681i(a)(1))**
**(Against Defendant)**

62. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

**A.   Experian Failed to Reinvestigate Following Plaintiff's Dispute**

63. Pursuant to 15 U.S.C. § 1681i(a)(1), Experian was required to conduct a reasonable investigation and to delete any information that was not accurate after receiving notice of Plaintiff's dispute regarding the Incorrect SSNs.

64. Thus, Experian failed to conduct a reasonable investigation and remove the misleading and/or inaccurate social security numbers on Plaintiff's credit file within the statutory time frame.

65. Plaintiff alleges Experian is readily familiar with FCRA requirements and credit reporting industry standards.

66. Experian failed to conduct a reasonable investigation because any basic investigation would have uncovered that Plaintiff was clearly requesting removal of the Incorrect SSNs and should have uncovered the fact Experian was reporting another consumer's social security number in Plaintiff's credit file.

67. Had Experian conducted a proper investigation, it should have removed the Incorrect SSNs. However, Experian not only failed to remove the Incorrect SSNs, but also failed to conduct any type of investigation into the alleged mixed file reporting incorrect personal information.

68. Experian, therefore, did not conduct even the most basic investigation regarding credit reporting industry standards, otherwise the aforementioned would have been uncovered.

69. The failure by Experian to investigate was a violation of the FCRA.

## THIRD CAUSE OF ACTION

## (Violation of Fair Credit Reporting Act 15 U.S.C. § 1681i(a)(4))

## (Against Defendant)

70. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

**A.   Experian Failed to Review and Consider all Relevant Information**

71. Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff.

72. Experian's violations of 15 U.S.C. § 1681i(a)(4) have caused Plaintiff to suffer actual damages, including, but not limited to: damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

**B.   Willful Violations**

73. Experian's violations were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

74. In the alternative, Experian was negligent in failing to review and consider all relevant information Plaintiff submitted, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

75. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## FOURTH CAUSE OF ACTION
### (Violation of Fair Credit Reporting Act 15 U.S.C. § 1681i(a)(5)(A))
### (Against Defendant)

76. Plaintiff re-alleges and incorporates the allegations in each and every paragraph above by reference as if fully stated herein.

**A.  Experian Failed to Delete Disputed and Inaccurate Information**

77. Experian violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

78. Experian's violations of 15 U.S.C. § 1681i(a)(5)(A) have resulted in Plaintiff suffering actual damages, including, but not limited to: damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

**B.  Willful Violations**

79. Experian's violations were willful, rendering it individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

80. In the alternative, Experian was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

81. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

82. WHEREFORE, Plaintiff prays for judgment as follows:
    a. For preliminary and permanent injunctive relief to stop Defendant from engaging in the conduct described above;
    b. Award statutory and actual damages pursuant to 15 U.S.C. § 1681n;

    c. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n;

    d. Award attorneys' fees and costs of suit incurred herein pursuant to 15 U.S.C. §§ 1681n and 1681o;

    e. For determination by the Court that Defendant's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, *et seq.*; and

    f. For determination by the Court that Defendant's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o.

Respectfully submitted,

**SCHUMACHER LANE PLLC**

Dated: May 16, 2024

*/s/ Joshua B. Lane*
Joshua B. Lane
Texas Bar No. 24092665
P.O. Box 558
Spring Branch, TX 78070
210-541-2154 ph
210-783-1383 fax
josh@schumacherlane.com
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of this matter by jury.

Dated: May 16, 2024                                    */s/ Joshua B. Lane*
                                                                         Joshua B. Lane